[Civ. No. 5817.   Fourth Dist.   July 1, 1958.]

BASIL SPEAR et al., Plaintiffs and Appellants, v. MIL-
    DRED H. SMITH, Respondent; BERTRAM VICTOR
    STURDIVANT, Defendant and Appellant.

Linley & Doerr for Plaintiffs and Appellants.

Kenny & Morris and Thomas Whelan for Defendant and Appellant.

James B. Abbey for Respondent.

MUSSELL, Acting P. J.—This action was commenced by the filing of a complaint against Mildred H. Smith. In it the plaintiffs sought to quiet their title to real property in the southwest quarter of section 27, township 15 south, range 2 east, S. B. M. Mildred Smith filed her answer to the complaint and by leave of court filed a cross-complaint to quiet title in which she named as cross-defendants the owners of the real property on all four sides of the rectangular parcel which she owned in the southwest quarter of said section 27. Cross-defendant Eremenko, who owned land north of the Smith property, filed an answer but later in effect withdrew all objections and agreed that the trial court might decide the boundary issues without his participation. Cross-defendants Robert and Jean Mercer, who owned the property joining the Smith parcel on the west, agreed that the trial court might determine their boundary without their active participation. Virginia Mc. K. Smith, who owned the property joining the Mildred Smith parcel on the south, also agreed to permit the court to determine the true north boundary of her property without her actual participation in the trial. Under these circumstances it became necessary for the trial court to determine the true boundary of Mildred Smith's property on all four sides and the controversy herein was principally a boundary line dispute between Mildred Smith and the Spears as to the north boundary of the Smith property and between Mildred Smith and Bertram Sturdivant as to the east boundary of Mildred Smith's property.

The court found 'from the evidence and its view of the premises that the lines of actual possession of the property of Mildred Smith should be fixed as the true boundary of her property insofar as it was possible to do so, reserving any necessary easements of ingress and egress for the use and benefit of the property of the cross-defendants Virginia Smith, Bertram Sturdivant and the plaintiffs Basil and Myrtle Spear; that Mildred Smith and her predecessors in title and possession of her land have for at least 30 years last past used, occupied, possessed and held the lands now used, occupied and

claimed by her; that the said use, occupancy and possession of her lands have been open, notorious, adverse and hostile to any claim of the cross-defendants; that Mildred Smith and her predecessors in title and possession have paid for at least 30 years last past all taxes and assessments levied against her land; that the real property now used and occupied by her is bounded on all four sides by fences, fence lines, roads, paths, and other visible physical markers or monuments which have existed for more than 30 years last past and constitute the true boundary between her lands and the lands of cross-defendants; that many years ago the predecessors in title and ownership to Mildred Smith's lands and the predecessors in interest and title of ownership of the lands of cross-defendants, being uncertain of the true position of their common boundaries, agreed upon the true location of their common boundaries and marked them upon the ground by said fences, fence lines, roads, paths and other markers or monuments now existing and enclosing Mildred Smith's property; that Mildred Smith and her predecessors in title and ownership have used and occupied the property within said boundaries, and have built structures and improvements up to said boundaries on all four sides of her property; that Mildred Smith and cross-defendants and their predecessors in title have acquiesced in the location of the present existing boundaries for more than 30 years last past; that substantial loss would be caused to Mildred Smith by any change of the position of said boundaries and that said boundaries have become by operation of law the true boundaries of her property.

The court, with the consent of the parties, appointed Curtis M. Brown, a licensed surveyor, to prepare and submit to the court a survey marking, platting and establishing the true boundary lines of the Mildred Smith property and showing along the most easterly boundary thereof an easement for ingress and egress reserved to Virginia Mc. K. Smith and Bertram Sturdivant. The court further found that said plat so prepared shows and depicts the northerly boundary of the property of Mildred Smith and shows and depicts the established boundary line between the property of Mildred Smith and that of Basil and Myrtle Spear, together with easement for ingress and egress which the court found the Spears were entitled to hold. The plat was adopted by the court as showing and depicting the true boundary of the Mildred Smith property and the easements reserved. It was attached to the

findings, made a part thereof, and was also attached to and made a part of the judgment herein.

It appears from the record and the memorandum opinion filed by the court that the judgment herein was based primarily on the finding that the true boundary lines of the property of Mildred Smith were established by agreement of the parties and long acquiescence in the lines so established.

In *Mello* v. *Weaver*, 36 Cal.2d 456, 460 [224 P.2d 691], it was held that agreement to locate a boundary line need not be express, but it may be implied from long acquiescence; that the implied agreement must have been based on a doubtful boundary line; that a dispute or controversy is not essential but it may be evidence of an existence of a doubt or uncertainty; that it is not required that the uncertainty should appear from the deed or from an attempt to make an accruate survey from the calls in the deed; that a doubt may arise from a believed uncertainty which may be proved by direct evidence or inferred from the circumstances surrounding the parties at the time when the agreement is deemed to have been made, and if in good faith the parties resolve their doubt by the practical location of the common boundary it will be considered the boundary called for in the deed.

In *Shelton* v. *Malette*, 144 Cal.App.2d 370, 374 [301 P.2d 18], it was held that the true location of the survey of a tract of land is a question of fact and in boundary disputes, monuments control over courses and distances and where the circumstances warrant it, fences have been considered as monuments; that to establish an agreed boundary line there must be an actual designation of the line upon the ground and occupation in accordance therewith; that to make the agreement binding, occupation in accordance with the line so fixed must be acquiesced in by the parties for a period equal to that fixed by the statute of limitations, or for such a length of time that the parties ought not to be allowed to deny its correctness; that such an agreement is conclusive of the correctness of the line and a fence may establish or mark the true boundary line between adjoining land owners and constitute an agreed boundary, when it is erected or maintained in circumstances rendering the doctrine of agreed boundary applicable.

In *York* v. *Horn*, 154 Cal.App.2d 209, 211 [315 P.2d 912], it was held that such an agreement and uncertainty in the location of the boundary line may be deduced from the circumstances and may be inferred from the conduct of the

parties, particularly from long acquiescence; that the fact that an accurate survey is possible is not conclusive of the question of whether a doubt exists as to the location of the boundary and that in order to invoke the doctrine of agreed boundaries all that need be shown is lack of knowledge by both parties where the fence line should be drawn.

In the instant case the description in the deeds to Mildred Smith, plaintiffs, and Bertram Sturdivant all begin at the southwest corner of section 27, township 15 south, range 2 east, S.B.M.   The present controversy arose when Brown surveyed the property in 1946 and fixed the said southwest corner at a point approximately 71.32 feet east of the corner of said section adopted by surveyor Butler in July, 1934. Brown had previously established said corner at the location fixed by Butler.   However, in his survey in 1946 he stated he had made a mistake and then fixed the corner in accordance with a survey made by one Ward in 1904.

Mildred Smith obtained a deed to her property on July 31, 1943, and she and her husband on that date entered upon the land and took actual physical possession thereof.   Mrs. Smith first went on her property in 1941 and occupied it under a contract of purchase.   At that time she first saw an old barbed wire fence along the south line of her property.   She testified that this fence was in the same position at the time of trial; that she and her husband occupied their property to the fence line and used it ''to keep stock in.''   The record shows that this fence is approximately on the boundary line between the Mildred Smith property and that of Virginia Mc. K. Smith on the south as shown by the Butler survey and that it was accepted by the parties as the true boundary line for many years.   The record shows that an old fence running north from the southwest corner of section 27, as surveyed by Butler, was considered by the Smiths and Dr. Mercer, who owned the property to the west, to be the true boundary line between their properties and that there has never been any dispute between them as to the true line.

The Smiths purchased their property from Forrest Flegal. The record shows that his brother, Harold, owned the property to the north and that there was no dispute as to the boundary line on the property owned by them.   In 1945 Harold Flegal sold his property to Stephen Eremenko and in 1946 Eremenko sold the easterly portion of his property to one Homer Spear, who, in the same year, sold the south half thereof to Basil Spear and his wife, the plaintiffs herein.

For many years prior ot the date the Smiths acquired their property there was an old fence extending from the northwest corner of the property easterly along the line of the Butler survey to a point approximately 640 feet east of said corner. There was also an old rock wall to the east end of said fence and buildings have been erected on the Smith property south of the line of the fence extended easterly to the northeast corner of the property. There was testimony that the fence line extended and the rock wall were accepted by Harold Flegal and the Smiths as the true north boundary line of the Smith property. When Mildred Smith bought the property it was shown to her and she was informed that this line was the north line of her property. The buildings south of this line were used and occupied by her and there was no controversy about this line until after the Spears purchased their property in 1946 and started to run a fence south of the Smith garage.

The record shows that there is a road running north from the southeast corner of the Smith property along a line of the Ward survey of 1904 and in this connection Mildred Smith testified that the center line of this road was considered to be the boundary line between her property and that of Sturdivant to the east; that she had used the road ever since 1941 and that there never had been any dispute about her right to use it.

Bertha Walter testified that she and her husband occupied the Smith property under a lease from 1938 to 1940; that she examined the property involved on the day after the trial herein commenced and that the fences were in the same place as when she formerly occupied the property; that during the time she leased the Smith property she used it up to the road on the east and understood that it formed the east boundary of her property; that she occupied the property up to the old fence line on the west and it was considered to be the west boundary line; that she took it for granted that the fence line on the north was the north boundary line and used and occupied the buildings which were south of the fence line extended easterly; that there was no dispute or controversy concerning the boundaries of the property covered by her lease.

The trial court, after considering the evidence and viewing the premises decreed that the true boundary of the Mildred Smith property on the east should follow the center line of the road; on the south, the barbed wire fence; on the west the barbed wire fence; and on the north the partial barbed wire

fence up to the garage building, and to the north of the garage building to a rock wall; along the rock wall to an iron stake, thence to an iron pipe set in the northeast corner of the Smith property, all as shown on the plat attached to the judgment. To prevent future litigation between the parties as to the rights of way over the properties involved and to preserve the status quo as existed for many years, the court reserved an easement of ingress and egress for use by Virginia Mc. K. Smith and the Sturdivants, their successors and assigns, and over and upon and along the road on the easterly boundary of the Smith property, and between the Smith property and the Sturdivant property. Easements of ingress and egress were reserved for the use of the Spears, their successors and assigns, over the lands of Mildred Smith, as now existing on the ground, and a like easement was reserved to Mildred H. Smith, her successors and assigns, over the lands of the Spears now existing upon the ground, all as shown by the plat attached to the judgment and made a part thereof.

The judgment establishing these boundaries is logical, equitable and in accordance with the rules stated in *Mello* v. *Weaver, Shelton* v. *Malette* and *York* v. *Horn, supra,* and is supported by substantial evidence that the Smiths had for many years owned, occupied and used the lands and buildings within agreed boundaries without objection.

Appellants argue that there is no conflict in the evidence as to the location of the properties on the ground and that the deed calls should be recognized as defining the property owned by each party. We do not agree with this contention. As noted, the description in the deeds of Smith, Sturdivant and Spear all start from the southwest quarter of section 27 and there is a conflict in the evidence as to the location of that corner. Hence, the difficulty in locating the property on the ground by reference to the deeds.

It is further argued that adverse possession was not shown by Mildred Smith. However, the cause was decided on the doctrine of agreed boundaries and since we have concluded that there is substantial evidence to establish that this doctrine was applicable herein, the judgment was proper.

It is further argued that there was no dispute nor facts upon which a dispute could be implied upon which to establish an implied agreement as to boundaries. This argument is likewise untenable. It was held in *Mello* v. *Weaver, supra,*

that a dispute or controversy is not essential and the agreement may be applied from long acquiescence.

Appellant Sturdivant argues that the evidence does not support the judgment and that the findings are erroneous. However, there was substantial evidence that the traveled road between the property of Mildred Smith and Sturdivant was the true boundary line and was recognized as such by Mildred Smith and Sturdivant. The court in its findings found all of the allegations of the cross-complaint to be true and the record shows that it was amended to conform to the proof by leave of court. The findings considered in the light of the amendment are sufficient to support the judgment.

Judgment affirmed.

Griffin, J., and McCabe, J. pro tem.,* concurred.

A petition for a rehearing was denied July 23, 1958, and the petition of plaintiffs and appellants for a hearing by the Supreme Court was denied August 28, 1958.

*Assigned by Chairman of Judicial Council.